**BIBIYAN LAW GROUP, P.C.**
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (Cal. Bar No. 351499)
*rafael@tomorrowlaw.com*
1460 Westwood Boulevard,
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ANDREA JONES,
and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANDREA JONES, on behalf of herself and all others similarly situated,

Plaintiff,

v.

BUZZ LOGISTICS INC., a California corporation; AMAZON LOGISTICS, INC., a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware corporation; AMAZON.COM SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

CASE NO: 2:26-cv-01881-HDV-DSR

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;
2. FAILURE TO PAY MINIMUM WAGES;
3. FAILURE TO PROVIDE MEAL PERIODS;
4. FAILURE TO PROVIDE REST PERIODS;
5. WAITING TIME PENALTIES;
6. WAGE STATEMENT VIOLATIONS;
7. VIOLATION OF LABOR CODE SECTION 227.3
8. UNFIAR COMPETITION; AND
9. CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (2004) FOR VIOLATIONS OF LABOR CODE SECTIONS 210, 226.3, 558, 1174.5, 1197.1, AND 2699, *ET SEQ.*

**DEMAND FOR JURY TRIAL**

State Action Filed: October 4, 2022
Removal Date: February 20, 2026

COMES NOW plaintiff ANDREA JONES ("Plaintiff"), on behalf of herself and all others similarly situated and aggrieved, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382 and the Federal Rules of Civil Procedure Rule 23, against BUZZ LOGISTICS INC. and any of its respective subsidiaries or affiliated companies within the State of California ("Buzz Logistics"); AMAZON LOGISTICS, INC. and any of its respective subsidiaries or affiliated companies within the State of California ("ALI"); AMAZON.COM SERVICES, INC. and any of its respective subsidiaries or affiliated companies within the State of California ("ASI") and AMAZON.COM SERVICES LLC and any of its respective subsidiaries or affiliated companies within the State of California ("ASL," together with Buzz Logistics, ALI, ASI, and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

2. This is also a representative action, pursuant to the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, et seq. ("PAGA"), against Defendants, and any of their respective subsidiaries or affiliated companies within the State of California, as a proxy of the Labor and Workforce Development Agency of the State of California ("LWDA"), on behalf of Plaintiff and all other current and former non-exempt employees of Defendants working within the Civil Penalty Period, as further defined herein, and, as it pertains to the alleged claims for violations of the Labor Code, including but not limited to, failure to comply with Labor Code section 2810.5, Labor Code section 203, Labor Code section 226, Labor Code section 246, et seq., Labor Code section 2802, on behalf of all employees of Defendants working within the Civil Penalty Period (collectively, "Aggrieved Employees").

## PARTIES

### A. Plaintiff

3. Plaintiff ANDREA JONES is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff ANDREA JONES as a non-exempt employee, with duties that included, but were not limited to, loading packages, driving vehicles, and delivering packages. Plaintiff is informed and believes, and based thereon alleges that Plaintiff ANDREA JONES worked for Defendants from approximately August of 2021 through approximately October of 2021. Defendants paid (or purportedly paid) Plaintiff an hourly wage for her services.

### B. Defendants

4. Plaintiff is informed and believes and based thereon alleges that defendant Buzz Logistics is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California and doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes, and based thereon alleges, that Buzz Logistics is a "Labor Contractor" within the meaning of Labor Code section 2810.3. At all relevant times herein, defendant Buzz Logistics employed Plaintiff and other similarly situated employees within the State of California.

5. Plaintiff is informed and believes and based thereon alleges that defendant ALI is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes, and based thereon alleges, that ALI is a "client employer" within the meaning of Labor Code section 2810.3. At all relevant times herein, defendant ALI employed Plaintiff and other similarly situated employees within the State of California

6. Plaintiff is informed and believes and based thereon alleges that defendant ASI is, and at all times relevant hereto was, a corporation organized and

existing under and by virtue of the laws of the State of Delaware and doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes, and based thereon alleges, that ASI is a "client employer" within the meaning of Labor Code section 2810.3. At all relevant times herein, defendant ASI employed Plaintiff and other similarly situated employees within the State of California.

7. Plaintiff is informed and believes and based thereon alleges that defendant ASL is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes, and based thereon alleges, that ASL is a "client employer" within the meaning of Labor Code section 2810.3. At all relevant times herein, defendant ASL employed Plaintiff and other similarly situated employees within the State of California.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Buzz Logistics, ALI, ASI, ASL, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100

identified herein.

**JOINT LIABILITY ALLEGATIONS**

9. Plaintiff is informed and believes that at all times mentioned herein ALI, ASI, and ASL (collectively, the "Amazon Defendants") hold themselves out as a company able to transport goods across the United States to their customers in a short period of time. Plaintiff is further informed and believes that Defendants employ individual engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

10. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, the Amazon Defendants utilized and relied on Buzz Logistics as a Delivery Service Provider ("DSP") for essential services, including but not limited to transporting and delivering goods from the Amazon Defendants' warehouses to the Amazon Defendants' customers.

11. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, that DSPs, such as Buzz Logistics, are an integral part of the Amazon Defendants' business purposes.

12. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, that Buzz Logistics provides delivery services for the Amazon Defendants at one or more of the Amazon Defendants' delivery service stations by use of associates such as Plaintiff.

13. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, that delivery associates, such as Plaintiff, are engaged to fulfill the Amazon Defendants' delivery needs by delivering goods from the Amazon Defendants' delivery stations and warehouses to the customers of the Amazon Defendants.

14. Plaintiff is informed and believes and based thereon alleges that Delivery Associates are provided with and are required to use an Amazon "Rabbit," a handheld device that provides the delivery addresses for packages.

15. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, that the goods which delivery associates delivered are goods which were purchased by customers using the Amazon Defendants' online digital platform (the Amazon Website or the Amazon Smartphone Application).

16. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, that the Amazon Defendants' required Buzz Logistics to provide delivery vehicles to delivery associates in order to carry out deliveries for the Amazon Defendants.

17. Plaintiff is informed and believes that each and every policy, practice, and procedure that was violative of California law that Plaintiff was subjected to was put into place and/or ratified by both the Amazon Defendants *and* Buzz Logistics.

18. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

19. All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned,

lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

20. Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

21. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

22. This court has determined that jurisdiction is proper.

23. Plaintiff is an "aggrieved employee" under PAGA, as she was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover, on behalf of themselves and all other aggrieved current and former employees of Defendants, the civil penalties provided by PAGA plus reasonable attorneys' fees and costs, as the term "civil penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175.

24. Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v. Superior Court* (2009) 46 Cal.4th 969. According to the same authorities, class certification of the PAGA allegations described herein is not required.

25. During the period beginning one (1) year preceding the provision of notice to the LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"), Defendants violated, inter alia, Labor Code sections 200, 201, 202, 203, 204, 210, 226, 226.3, 256, 432, 510, 512, 558, 1174, 1194, 1197, 1198.5, 2802, and 2810.3, and 2810.5, among others.

26. Labor Code section 2699, subdivisions (a) and (g), authorizes aggrieved employees such as Plaintiff, on behalf of themselves and all other aggrieved current and former employees within the statutory period, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

27. On or around October 3, 2022, both Plaintiff provided written notice under Labor Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants' violation of various, including the herein-described, provisions of the Labor Code, to the Labor and Workforce Development Agency ("LWDA"), as well as by certified mail, with return receipt requested to Defendants, and each of them.

28. Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), the LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the October 3, 2022 postmarked date of the herein-described notice sent by Plaintiff to the LWDA and Defendants.

## FACTUAL BACKGROUND

29. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members. In addition, Defendants would also be liable for civil penalties pursuant to Labor Code sections 558 and 2699.

30. For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff

and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members. Defendants would also be liable for civil penalties pursuant to Labor Code sections 558, 1197.1, and 2699.

31. For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws. Defendants would also be liable for civil penalties pursuant to Labor Code sections 558 and 2699.

32. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws. Defendants would also be liable for civil penalties pursuant to Labor Code sections 558 and 2699.

33. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3. Defendants would also be liable for civil penalties pursuant to Labor Code sections 558 and 2699.

34. For at least one (1) year prior to the filing of this Action and continuing

to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid. Defendants would also be liable for civil penalties pursuant to Labor Code sections 226.3, 558 and 2699.

35. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in, but not limited to, laundering mandatory work uniforms and purchasing and using personal cellular phones for work-related purposes.

36. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

37. Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 227.3, 510, 512, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

38. Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

39. At all relevant times mentioned herein, Defendants have had a policy or practice of failing to comply with the notice requirements of Labor Code section 2810.5 (i.e., the Wage Theft Protection Act of 2011) by, among other things, failing to provide Plaintiff and other Aggrieved Employees with the rates of pay and overtime rates of pay applicable to their employment; allowances claimed as part of the minimum wage; the regular payday designated by Defendants; the name, address, and telephone number of the workers' compensation insurance carrier; information regarding paid sick leave; and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5.

40. At all relevant times mentioned herein, Defendants failed to provide Plaintiff and other Aggrieved Employees with the amount of paid sick leave required to be provided pursuant to California law (including, without limitation Labor Code section 246, et seq.), and also did not permit its use upon request as contemplated under California laws, to the detriment of Plaintiff and all other Aggrieved Employees.

41. Plaintiff, in her representative capacity, seeks civil penalties under Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699 for the herein-described acts, which violate the California Labor Code as described above, including on behalf of Plaintiff and other Aggrieved Employees pursuant to PAGA.

## **CLASS ACTION ALLEGATIONS**

42. Plaintiff brings this action on behalf of Plaintiff and Class Members as a

class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

43. Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

44. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. <u>Numerosity</u>**

45. The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

46. Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B. <u>Commonality</u>**

47. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A. Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B. Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C. Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E. Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G. Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H. Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J. Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

K. Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

L. Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

M. Are Class Members entitled to restitution of wages under Business and

Professions Code section 17203?

N. Are Class Members entitled to costs and attorneys' fees?

O. Are Class Members entitled to interest?

**C. <u>Typicality</u>**

48. The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

49. Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E. <u>Superiority of Class Action</u>**

50. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

51. Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**<u>FIRST CAUSE OF ACTION</u>**

**(Failure to Pay Overtime Wages – Against All Defendants)**

52. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

53. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

54. At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

55. At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

56. Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

57. Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders,

and California law.

58. Specifically, Plaintiff spent every single day while working for Defendants under Defendants' control without being compensated for all work that she performed. For example, Plaintiff was required to go to work early every single day to sit in on team meeting or "team huddles." During these meetings or "huddles," supervisors would discuss a variety of work related topics such as routes for the day, who the designated "rescuers" were going to be, and other tasks that needed to be completed that day. Plaintiff is informed and believes based on her conversations with her coworkers and her observations of the workplace that this was a general practice put into place by Defendants across the entirety of Buzz Logistics' operations.

59. Additionally, Plaintiff and other putative class members were not allowed to clock in until they had reached the vehicles they were going to be using for the day to make their deliveries. Time spent walking to the vehicles, speaking to managers while on the way to the vehicles, gathering tools/items before getting to the vehicle, taking inventory of goods before reaching the vehicles were *not* compensated for. Once again, based on my conversations with other putative class members and my general observations, Plaintiff believes that these were common practices, policies, and procedures put into place by both Defendants that would affect the entirety of the putative class.

60. Plaintiff worked overtime hours on numerous separate occasions, yet was not compensated for all of the hours that Plaintiff worked. For example, from the pay period from August 29, 2021 through September 11, 2021, Plaintiff was compensated for three (3) additional overtime hours. However, Plaintiff should have been compensated for additional hours of overtime, considering Plaintiff was not compensated for the times before clocking as described above. This is just one pay period for which Plaintiff was not compensated for all of the overtime hours that she was owed.

61. As explained above, based Plaintiff's observations, conversations with

coworkers, and general impression while working for Defendants, it is Plaintiff's understanding that the reasons why Plaintiff and putative class members were not compensated was based on an overall failure of Defendants' uniform policies, practices, and procedures to ensure everyone was compensated for the overtime hours that they worked.

62. As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

**(Failure to Pay Minimum Wages – Against All Defendants)**

63. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

64. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

65. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

66. For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

67. Specifically, Plaintiff spent every single day working for Defendants under Defendants' control without being compensated for all work that she performed. For example, Plaintiff was required to go to work early every single day to sit in on team meeting or "team huddles." During these meetings or "huddles,"

supervisors would discuss a variety of work-related topics such as routes for the day, who the designated "rescuers" were going to be, and other tasks that needed to be completed that day. Plaintiff is informed and believes based on her conversations with her coworkers and her observations of the workplace that this was a general practice put into place by Defendants across the entirety of Buzz Logistics' operations.

68. Additionally, Plaintiff and other putative class members were not allowed to clock in until they had reached the vehicles they were going to be using for the day to make their deliveries. Time spent walking to the vehicles, speaking to managers while on the way to the vehicles, gathering tools/items before getting to the vehicle, taking inventory of goods before reaching the vehicles were *not* compensated for. Once again, based on my conversations with other putative class members and my general observations, Plaintiff believes that these were common practices, policies, and procedures put into place by both Defendants that would affect the entirety of the putative class.

69. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

70. Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

**(Failure to Provide Meal Periods – Against All Defendants)**

71. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

72. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

73. Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

74. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

75. For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

76. By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

77. Specifically, employees were often too busy to take their meal breaks as is required under California Law. For example, on two separate occasions, Plaintiff was too busy to take a meal break. One of these instances occurred for the pay period from September 12, 2021 through September 25, 2021. Plaintiff recalls during this

pay period, that she was not able to take a meal break on one of her shifts. However, her pay stub did not reflect a meal break premium paid.

78. Plaintiff is informed and believes based on her conversations with human resources and her supervisor that Defendants would go into employee time punches and edit missed meal breaks to show that timely and compliant meal breaks were taken when no such meal breaks were taken.

79. Furthermore, Plaintiff states that her meal breaks were taken after the fifth hour at least three times per week. Because Plaintiff had to complete a certain number of deliveries throughout the day, she had to take her meal breaks late so that she could meet the strenuous workplace expectations placed on her by Amazon and Buzz Logistics. Through her observations and conversations with her coworkers, she believes these are issues suffered widely by the putative class.

80. Plaintiff also contends that her meal breaks and the meal breaks of other putative class members were interrupted on a near daily basis. Specifically for Plaintiff, her meal breaks were interrupted at least three times per week. Customers, supervisors, and other coworkers would ask work related questions regarding the status of deliveries and packages essentially every single day. Through her observations and conversations with her coworkers, she believes these are issues suffered widely by the putative class.

81. Plaintiff is informed and believes through her general observations and conversations with other putative class members that each and every one of these violations highlighted was also suffered by the putative class and is the result of Defendants' illegal policies, procedures, and practices.

82. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

83. Plaintiff and Class Members are entitled to recover the full amount of

their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

**FOURTH CAUSE OF ACTION**

**(Failure to Provide Rest Periods – Against All Defendants)**

84. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

85. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

86. California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

87. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

88. For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's

regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

89. By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

90. Specifically, Plaintiff contends that she and putative class members were far too busy to take rest breaks as is required under California Law. Plaintiff contends that she was too busy to take rest breaks or had those rest breaks interrupted essentially every single day she worked for Defendants.

91. For example, Plaintiff is certain that she had numerous rest break violations that Defendants were aware of from the pay period of September 12, 2021 through September 25, 2021, but she was not paid any rest break premiums for that time period.

92. Plaintiff and putative class members were too busy to be able to take their rest breaks. They had a set number of deliveries they needed to make every single day. If they did not, they would be reprimanded by their supervisors and could face termination. On one occasion, Plaintiff recalls being so busy with deliveries that she was unable to take a rest break or a bathroom break, Plaintiff urinated in the vehicle while making deliveries so she could make the strict deadlines put into place by Defendants. Through her observations and conversations with putative class members, Plaintiff believes this was a common issue that the putative class faced.

93. Plaintiff is informed and believes that these strict workplace expectations were put into place both by the Amazon Defendants and Buzz Logistics. Plaintiff believes that both entities are responsible for the work conditions that led to these violative rest breaks.

94. As a result of Defendants' unlawful conduct, Plaintiff and Class

Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

95. Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## **FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

96. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

97. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

98. Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

99. Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

100. Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

101. Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

102. Specifically, Defendants were aware of the fact or should have been aware of the fact that when meal and rest breaks are violative of California law, that meal and rest premiums should be paid. Furthermore, Defendants were aware of the fact or should have been aware of the fact that all hours worked as defined by the applicable wage order and California law should be compensated. By failing to pay all employees these rightfully earned wages for the reasons described above, Defendants have willfully and knowingly failed to pay employees all wages due to them upon termination.

103. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

104. Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## SIXTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

105. Plaintiff realleges and incorporates by reference all of the allegations

contained in the preceding paragraphs as though fully set forth hereat.

106. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

107. Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

108. Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

109. Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

110. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants'

unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

111. Specifically, Defendants were aware of the fact or should have been aware of the fact that when meal and rest breaks are violative of California law, that meal and rest premiums should be paid. Furthermore, Defendants were aware of the fact or should have been aware of the fact that all hours worked as defined by the applicable wage order and California law should be compensated. By failing to pay all employees these rightfully earned wages for the reasons described above and to include those forms of renumeration on employee wage statements, Defendants have willfully and knowingly failed to furnish employees with wage statements in compliant with Labor Code Section 226(a).

112. Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

113. Pursuant to Labor Code section 226 (h), Plaintiff is entitled to her attorney's fees and to an injunction preventing Defendants from continuing with these violations.

114. Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

**SEVENTH CAUSE OF ACTION**

**(Violation of Labor Code § 227.3 – Against All Defendants**

115. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

116. According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

117. Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

118. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

119. As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

120. As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

**<u>EIGHTH CAUSE OF ACTION</u>**

**(Unfair Competition – Against All Defendants)**

121. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

122. Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

123. As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

124. Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

125. Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## NINTH CAUSE OF ACTION

**(Civil Penalties under the Private Attorneys General Act (2004) – Against All Defendants)**

126. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

Civil Penalties Under Labor Code § 210

127. At all relevant times herein, Labor Code section 204, requires and required that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

128. At all relevant times herein, Labor Code section 210, subdivision (a) states and stated that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

129. At all relevant times herein, Defendants have had a consistent policy or practice of failing to pay Plaintiff and/or Aggrieved Employees during their employment on a timely basis as per Labor Code section 204. Thus, pursuant to Labor Code section 210, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each Aggrieved Employee for each initial violation per employee, and two hundred dollars ($200) for each Aggrieved Employee for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204.

Civil Penalties Under Labor Code § 226.3

130. Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and Aggrieved Employees with itemized wage statements that accurately reflect: reflect gross wages earned; total hours worked; net wages earned; all applicable

hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).

131. Labor Code section 226.3 states that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

132. Labor Code section 226.3 further provides that "[t]he civil penalties provided for in this section are in addition to any other penalty provided by law."

133. Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a policy or practice of failing to furnish non-exempt employees, including, without limitation, Plaintiff, itemized wage statements that accurately reflect: reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).

134. Pursuant to Labor Code section 226.3, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violation of Labor Code section 226, subdivision (a) in the amount of two hundred fifty dollars ($250) for each Aggrieved Employee per pay period for the initial violation, and one thousand dollars ($1,000) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code § 558</u>

135. Pursuant to Labor Code section 558, subdivision (a): "Any employer or other person acting on behalf of an employer who violates, or causes to be violated . . . any provision regulating hours and days of work in any of the Industrial Welfare

Commission" shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee and

for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(2) For each subsequent violation, one hundred dollars ($100) for each

underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

136. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, violated, or caused to be violated, the Labor Code sections described herein, including causing Plaintiff and other Aggrieved Employees not to: be paid with the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Employer, the name of the employer, including any "doing business as" names used, the name, address and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information.

137. As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 558, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount fifty dollars ($50) for each Aggrieved Employee per pay period for the initial violation, and one hundred dollars ($100) for each Aggrieved Employee per pay period for each subsequent violation.

Violation of Labor Code § 1174.5

138. At all times mentioned herein, Labor Code section 1174, subdivision (b) has required every person employing labor in California to "[a]llow any member of

the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make. The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person."

139. At all times mentioned herein, Labor Code section 1174, subdivision (c) has required every person employing labor in California to "[k]eep a record showing the names and addresses of all employees employed and the ages of all minors."

140. At all times mentioned herein, Labor Code section 1174, subdivision (d) has required every person employing labor in California to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

141. Pursuant to Labor Code section 1174.5, "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of [Labor Code] Section 1174 or accurate and complete records required by subdivision (d) of [Labor Code] Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of [Labor Code] Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

142. Plaintiff is informed and believes, and based thereon alleges, that Defendants have willfully failed keep adequate or accurate time records including wage statements and similar payroll documents under Labor Code section 226,

documents signed to obtain or hold employment under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records under Labor Code section 1174.

143. As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1174.5, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount of five hundred dollars ($500) per violation per Aggrieved Employee.

Violation of Labor Code § 1197.1

144. Pursuant to Labor Code section 1197.1, subdivision (a): "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

A. For any initial violation that is intentionally committed, one hundred dollars

($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

B. For each subsequent violation for the same specific offense, two hundred fifty

dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable

penalties imposed pursuant to Section 203.

C. Wages, liquidated damages, and any applicable penalties imposed pursuant to

Section 203, recovered pursuant to this section shall be paid to the affected employee."

145. Plaintiff is informed and believes, and based thereon alleges, that Defendants caused Plaintiff and Aggrieved Employees not to be paid minimum wages as a result of Defendants, without limitation, routinely failing to pay Plaintiff or other Aggrieved Employees' minimum wages for all hours worked, entitling Employee and other aggrieved employees to actual and liquidated damages.

146. As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1197.1, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount one hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each subsequent violation.

Civil Penalties Under Labor Code § 2699

147. Pursuant to Labor Code section 2699, subdivision (a), notwithstanding any other provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

148. Pursuant to Labor Code section 2699, subdivision (f), for all provisions of the Labor Code except those for which a civil penalty is specifically provided, the established civil penalty for a violation of those provisions is as follows: if, at the time of the alleged violation, the person employs one or more employees, the civil penalty

is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

149. Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, violated the Labor Code sections described herein, including, without limitation, for the failure to: pay the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Defendants, the name of the employer, including any "doing business as" names used, the name, address and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information required to be disclosed by Employer under Labor Code section 2810.5, failing to provide Employee and other aggrieved employees with the amount of paid sick leave required to be provided pursuant to California and local laws.

150. Moreover, Plaintiff and other Aggrieved Employees within the State of California whom he seeks to represent are entitled to an award of reasonable attorneys' fees and costs in connection with their herein-described claims for civil penalties.

<u>Violation of Labor Code § 432.6</u>

151. Moreover, Defendants required all employees, as a condition of employment, to enter into arbitration agreements.

152. Pursuant to Labor Code § 432.6, an employer cannot require employees, as a condition of their employment, to enter into any such agreement.

153. It was already found that the California Arbitration Act ("CAA") governs the terms of the purported arbitration agreement allegedly entered into by the Parties in this action as Plaintiff and the class of workers she belongs to are exempt from the Federal Arbitration Act ("FAA") under the FAA Section 1 Transportation Worker Exemption.

## DEMAND FOR JURY TRIAL

154. Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A. An order certifying this case as a Class Action;

B. An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as Class Counsel;

C. Damages for all wages earned and owed, including minimum. overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 1194, 1197 and 1199 and 227.3;

D. Liquidated damages pursuant to Labor Code section 1194.2;

E. Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512 and 226.7;

F. Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e);

G. Waiting time penalties under Labor Code section 203;

H. Penalties to timely pay wages under Labor Code section 210;

I. Damages under Labor Code sections 2802;

J. Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

K. Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

L. Prejudgment and post-judgment interest at the maximum rate allowed by law;

M. An award of civil penalties pursuant to Labor Code sections 210, 226.3,

558, 1174.5, 1197.1, and 2699;

N. An award of reasonable attorneys' fees and costs pursuant to Labor Code sections 210, 226.3, 432.6, 558, 1174.5, 1197.1, and 2699;

O. For attorneys' fees in prosecuting this action;

P. For costs of suit incurred herein; and

Q. For such other and further relief as the Court deems just and proper.

Dated: October 19, 2026

BIBIYAN LAW GROUP, P.C.

BY: */s/ Rafael Yedoyan*
SARAH H. COHEN
RAFAEL YEDOYAN
Attorneys for Plaintiff ANDREA JONES on behalf of herself and all others similarly situated and aggrieved